Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 759 | **DATE** | 10/17/2000 |
| **CASE TITLE** | Jerrick vs. Norfolk & Western Railway, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Norfolk & Western Railway Co.'s motion for summary judgment (23-1) and its motion to exclude testimony (46-1) are granted and the case is dismissed as to that defendant only. Plaintiff's motion to amend the second amended complaint (38-1) is denied. The Tie Yard of Omaha, Inc.'s motion to open discovery and plaintiff's motion to join defendant are granted. Accordingly, discovery is extended to 1/31/01. Pretrial order is due by 2/28/01. Response to motions in limine due by 3/14/01. Pretrial conference set for 12/4/00 is reset for 4/6/01 at 3:00 p.m. and trial set for 1/8/01 is reset for 4/16/01 at 9:30 a.m. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 18 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 52 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 10/17/2000 | |
| | | 00 OCT 17 PM 5: 32 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH C. JERRICK,

        Plaintiff,

  v.

NORFOLK & WESTERN RAILWAY CO.
and THE TIE YARD OF OMAHA,
INC.,

        Defendants.

No. 99 C 0759

DOCKETED
OCT 1 8 2000

JOSHUA CACIA,

        Plaintiff,

  v.

NORFOLK & WESTERN RAILWAY CO.
and THE TIE YARD OF OMAHA,
INC.,

        Defendants.

No. 99 C 0760

## MEMORANDUM OPINION AND ORDER

The plaintiffs in these two cases,[1] Illinois citizens, were injured in July 1998 when they drove off-road vehicles into a deep pit created by the removal of a railroad bridge on an abandoned track near Essex, Illinois, that was owned by the defendant Norfolk

---

[1] The cases have been consolidated for discovery purposes and raise essentially similar issues of fact and law. I treat them together here.

Southern Railway ("the Railway"), a Virginia corporation, successor to Northern & Western Railway Co. The bridge had been removed by the Tie Yard of Omaha (the "Tie Yard"), of Nebraska.

The plaintiffs sued in state court, alleging that the Railway was negligent in removing the bridge without warning the plaintiffs (counts I and II), and that the Railway and the Tie Yard were willful and wanton in removing the bridge when it knew that people were driving on the abandoned rail bed (count III). The defendants removed the action to the federal court. I dismissed counts I and II under the Illinois Recreational Use Act, 745 ILCS 65/1 et seq., but held that in count III the plaintiffs had stated a claim under that statute. The Railway moves for summary judgment, and also to exclude the proffered expert testimony of Tony Becker, a witness for the plaintiffs. The plaintiffs move to file a second amended complaint that purports to make good the deficiencies of the first. I grant the Railway's motions and deny the plaintiffs' motions.

The pit in question, 31 feet across, 17 feet wide, and 11 feet deep, was created by the removal of a railway bridge on a long-abandoned stretch of railway line. The defendants removed the rails and ties from the stretch of line leading up to the bridge as well. The plaintiffs presented evidence that thrillseekers would ride on the railbed on all-terrain vehicles ("ATVs"), motorcycles, and

other recreational vehicles. Joshua Cacia was injured on July 19, 1998, when he drove his off-road motor bike into the pit. On July 25, 1998. Joseph Jerrick was also injured when he drove his ATV, a Yamaha Banshee, into the same pit after hitting a dip about 20 feet from the pit. He was an experienced rider of off-road vehicles and on the way in had gone through the area where the accident occurred. A friend riding with him avoided a similar accident.

I begin with the motion to file a second amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." However, I am not to grant such leave automatically. *Johnson v. Methodist Medical Center of Illinois*, 10 F.3d 1300, 1303 (7th Cir. 1993). I may deny a motion to amend because of, among other things, "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the present instance the amendment would be futile, and I need not entertain futile amendments to the pleadings. See *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). An amendment is futile when it could not withstand a motion to dismiss. See *id.* at 1128. That is the case here.

The plaintiffs' second amended complaint suffers from the same defect as the first. The negligence allegations run into the

recreational use immunity of the Illinois Recreational Use Act:

> Except as specifically recognized by or provided in Section 6 of this Act, an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

745 ILCS 65/3. Section 6(a) allows liability for "willful and wanton failure to guard or warn against a dangerous condition, use, structure, or activity." The plaintiffs argue that the Railway does not qualify for this immunity because it did not provide its property to the public for recreational use. Under the statute's plain language, however, the immunity applies if a person uses the premises or enters for such purposes, whether or not the landowner allowed them or others to use the land for such purposes. The language reads: "no duty to keep the premises safe for entry or use by any person for recreational . . . purposes, or to give any warning of a . . . dangerous condition . . . to persons entering for such purposes." It does not say that there is immunity only if the premises are held out as recreational by the landowner. The Illinois courts have held that the immunity applied in a case where a man drowned by going swimming in water that the defendant specifically made off-limits for recreational use. *Turgeon v. Commonwealth Edison Co.*, 630 N.E.2d 1318, 1321, 1327 (Ill. App. Ct.

1994). There would be no point in allowing the amendment.

That leaves only the plaintiffs' claims for wanton and willful misconduct. As explained by the Illinois Supreme Court, the standard for willful and wanton misconduct is that an act was:

> intentional or . . . committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care.

*O'Brien v. Township High School District 214*, 415 N.E.2d 1015, 1018 (Ill. 1980). On the undisputed facts, the Railway's conduct does not satisfy this standard.

The plaintiffs do not contend that the Railway intended them to come to harm, but only that they were reckless with respect to whether they would. In Illinois, a person acts recklessly "when he [or she] consciously disregards a substantial and unjustifi[able] risk that the circumstances exist or that a result will follow." 720 ILCS 5/4-6 (criminal context). Willful and wanton conduct involves "acts performed in conscious disregard of a known risk or with utter indifference to the consequences." *Poole v. City of Rolling Meadows*, 656 N.E.2d 768, 773 (Ill. 1995) (Nickles, J., *dissenting on other grounds*).

However, the undisputed evidence here does not support that there was a known risk for the Railway to be aware of, much less to consciously disregard. The plaintiffs do not dispute that the Railway had no notice of an accident or safety complaint at this site for twelve years, in an area that the plaintiffs themselves testify was regularly swarming with off-road vehicles. Moreover, the plaintiffs do not dispute that the Railway had no notice of any accident or safety risk at any removed bridge in the Railway's system. The plaintiffs fail to show that the Railway consciously disregarded any risks of which they might have been aware. They do not dispute that the Railway required the Tie Yard to erect earthen barricades four foot high and seven feet deep at each end of the bridge, or that the Railway had repaired the three incidents of vandalism that had occurred at the site over more than a decade.

The plaintiffs try to turn these safety measures around into evidence that the Railway was aware of and consciously disregarded a known risk, but I do not think the Illinois courts will hold that taking safety measures to protect people means that a defendant exposes himself to liability for willful and wanton misconduct. It might be different if there were something cynically and grossly inadequate about the "safety measures"--a piece of plastic warning tape for a bridge taken out--but no such evidence is produced here.

-6-

The plaintiffs offer some evidence that there were further improvements that might have been made in the Railway's safety measures, but the Illinois courts will not require a defendant to have made the best possible safety measures--to have made reasonable ones will protect against a claim of recklessness. The plaintiffs fail to offer any evidence that the Railway's measures were not reasonable.

Indeed, the plaintiffs make no attempt to show that the Railway displayed "utter indifference to the consequences" of their actions. Instead they invoke, first, the "distraction exception" that may at common law create an ordinary duty of care even where such a duty might not exist because the danger was open and obvious. The theory behind the distraction exception is that there may still be a duty to warn of and guard against even an open and obvious danger if a reasonable person would anticipate that someone was likely to be distracted from the danger. But this only goes to the ordinary duty of care that has been expressly abrogated by the Illinois Recreational Use Act immunity. The plaintiffs must bring forward evidence of recklessness, not just negligence, and they have not even brought forward evidence of negligence.

The same reasoning rules out the plaintiffs' argument that the danger of the bridge was not open and obvious. To show that the

danger was not open and obvious, the plaintiffs offer the testimony of Tony Becker, a Certified Traffic Safety expert, that Mr. Jerrick in particular would not have been able to stop in time, but this testimony is excluded as irrelevant, since the issue is not whether there was a normally negligent breach of an ordinary duty of care, but whether there was recklessness. In addition, the plaintiffs failed to provide an expert's report as required Federal Rule of Civil Procedure 26(a)(2), so I could not determine if the testimony was reliable and therefore admissible. However, it is inadmissible because it is irrelevant in any case. For these reasons it cannot be used to oppose the Railway's summary judgment motions. *See Bradley v. Work*, 154 F.3d 704, 708 (7th Cir. 1998).

The Railway's motion for summary judgement is GRANTED, as is the motion to exclude Tony Becker's testimony. The plaintiffs' motions to amend their complaints are DENIED.

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated: October 17, 2000

Copies have been mailed to:

Laird M. Ozmon
Laird M. Ozmon, Ltd.
54 N. Ottawa Street, #B-5
Joliet, IL 60432

Attorney for Plaintiff

Raymond H. Groble, III
Daley & Mohan, P.C.
150 N. Wacker Drive, #1550
Chicago, IL 60609

Bruce B. Marr
McKenna, Storer, Rowe,
 White & Farrug
200 N. LaSalle Street, #3000
Chicago, IL 60601

Attorneys for Defendants